UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MARVIN HUNT**, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | **CIVIL ACTION NO. H-04-02555** |
| | § | |
| **INVESCO FUNDS GROUP, INC**, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Motion to Vacate or Clarify Statements Regarding the Damage Period and Clarify Discovery Time Period (Docket # 143). Having received notice from the Judicial Panel on Multidistrict Litigation of its Transfer Order, transferring this case to the District of Maryland for inclusion in consolidated proceedings, this Court is hesitant to involve itself further in this case. However, the Court has reviewed its Memorandum and Order of June 5, 2006 ("June 5 Order"), and finds that it is both necessary and appropriate to clarify this Order prior to transfer. The Court recognizes that Defendants have not had the opportunity to respond to Plaintiffs' motion. Because the Court intends simply to clarify its June 5 Order, and because of the case's impending transfer, the Court finds that such a response is not necessary, and the prompt issue of this Order is warranted.

First, Plaintiffs urge that the Court improperly issued holdings as to the appropriate damages period for Plaintiffs' claims under section 36(b) of the Investment Company Act of 1940 ("the ICA"). As Plaintiffs correctly point out, the parties raised and briefed the issue of the damages period in the context of the legal sufficiency of Plaintiffs' allegations and Defendants' motion to dismiss, as well as with respect to the scope of discovery. The parties focused on whether Plaintiffs' allegations and discovery could encompass the time *preceding* the one year

prior to the filing of Plaintiffs' complaints.  The Court did not intend its statements regarding the limitation of damages under the ICA to constitute a ruling on the appropriate damages period for this case, nor did it intend its statements to be a ruling as to whether or not Plaintiffs can recover damages for continuing violations of the ICA during the period following the filing of their complaints.  Additionally, the Court recognizes that the language of the ICA, that "[n]o award of damages shall be recoverable for any period *prior* to one year before the action was instituted," (emphasis added) does not limit damages for the period of time *following* the filing of the action.[1]  Accordingly, the Court **VACATES** the statements in its June 5 Order relating to the proper damages period for Plaintiffs' claims under the ICA.[2]

Additionally, Plaintiffs urge the Court to amend its holding that, "except as otherwise agreed by the parties, Plaintiffs' discovery requests are **LIMITED** to the period of five years immediately prior to the filing of Plaintiffs' complaints."  June 5 Order at 14.  The Court issued this holding in the context of the parties' dispute over the appropriate starting date for discovery; Plaintiffs seeking discovery for the fifteen years prior to the filing of their complaints, and Defendants seeking to limit Plaintiffs' pre-complaint discovery to only one year prior to the filing of their complaints. The Court did not intend its holding to preclude discovery relating to the period following the filing of the Plaintiffs' complaints.  Rather, the Court's reference to the five year period preceding the filing of the complaints was intended to identify the starting date for discovery, and to limit the *pre-complaint* discovery to the period of five years prior to the filing of the complaints.  To avoid any further confusion, the Court hereby **AMENDS** its prior

---

[1] By this, the Court is not insinuating that damages necessarily are recoverable for the period following the filing of Plaintiffs' complaints in this case.  Rather, the Court wishes to clarify that it did not intend to rule on this issue in its June 5 Order, nor does it intend to do so at this time.

[2] Specifically, the Court vacates its statements that "section 36(b) provides for damages incurred only during the one year prior to filing suit," June 5 Order at 11, and "Plaintiffs can only recover damages for this one-year period," June 5 Order at 14.  The parties should not attempt to construe any other statements by the Court as a ruling on the appropriate damages period, as the Court specifically declines to issue such a ruling.

ruling. Except as otherwise agreed by the parties, Plaintiffs' discovery requests relating to the period of time occurring prior to the filing of their complaints is **LIMITED** to the period of five years immediately prior to the filing of Plaintiffs' complaints. In addition to producing discovery relating to this five-year period, Defendants shall produce discovery relating to the period of time following the filing of Plaintiffs' complaints, subject to the limitations set forth in the Court's June 5 Order.

**IT IS SO ORDERED**.

**SIGNED** this 22nd day of June, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT**